## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

_____

_____

In re

Weston C. Elliot, Jr., and
Ronna Miller Elliot,                              Chapter 7
                                                  Case No. 08-51032 (AHWS)

          Debtors.

_____

***Appearances***:

Gregory B. Schiller, Esq.                : Attorney for the Debtors
Zeisler and Zeisler                      :
558 Clinton Avenue, P.O. Box 3186        :
Bridgeport, CT                           :


Sean P. Clark, Esq.                      : Attorney for RBS Citizens, N.A.,
Zito & Clark, LLP                        : Creditor
100 Great Meadow Road                    :
Wethersfield, CT                         :

Alan H. W. Shiff, United States Bankruptcy Judge.

### Memorandum and Order on Motion for Relief from Stay
### and Scheduling Order on Reaffirmation Agreement


RBS Citizens, N.A., as successor to Citizens Automobile Finance Inc. ("Citizens")

filed a motion for relief from the automatic stay. Citizens filed a reaffirmation agreement.

Both motions relate to a 2006 Dodge Dakota pickup truck (the "2006 Dakota").  For the

reasons stated herein, Citizens' motion for relief from stay is DENIED and the

reaffirmation agreement is scheduled for an evidentiary hearing to determine whether

the debtor can overcome the presumed undue hardship of entering that reaffirmation

agreement.

**BACKGROUND**

On October 23, 2008, the Debtor filed for bankruptcy relief under chapter 7 of the

Bankruptcy Code.[1]  Together with his petition, the Debtor filed, *inter alia*, a "Chapter 7

Individual Debtor's Statement of Intention".   In that statement, the Debtor asserted that

his debt to Citizens on the 2006 Dakota would be reaffirmed pursuant to 11 U.S.C. §

524(c).  A § 341 meeting of creditors was originally scheduled for November 19, 2008,

but was continued by the case trustee to December 10, 2008.  At the conclusion of the

December 10, 2008 meeting of creditors, the trustee entered a "Report of No

Distribution" having concluded that there were no assets to administer for the benefit of

the creditors of the estate.  (*See* docket entry #32.)

On December 19, 2008, Citizens filed a motion for relief from stay to replevy the

2006 Dakota, its collateral for a loan it made to the Debtor in conjunction with a retail

installment purchase contract.  Citizens alleged that the Debtor failed to make his

November 2008 and December 2008 car loan payments; therefore, the entire balance

of the loan became due.

On December 31, 2008, the Debtor filed an objection to Citizens' motion, stating

that he made the required November 2008 car payment, but that Citizens rejected the

payment and returned it to the Debtor.  (*See* Debtor's Objection (doc. #38) at ¶1.)  He

also stated his willingness and ability to resume making payments to Citizens according

to the terms of their agreement.  (*See id.* at ¶2.)  Finally, the Debtor stated that he had

---

[1]  The Debtor and his wife, Ronna Miller Elliot, filed a joint petition.

executed a reaffirmation agreement with Citizens for the 2006 Dakota and intended to make the required car payments in accordance with that reaffirmation agreement.  (*See id.* at ¶3.)  That reaffirmation agreement, dated December 30, 2008, was filed with the court on January 5, 2009.

## CITIZEN'S MOTION FOR RELIEF FROM STAY

On the scheduled and noticed January 27, 2009 hearing date, Citizens failed to appear and prosecute its motion for relief from stay.  The court presumes this is because, in conjunction with his objection to Citizens' motion, the Debtor entered into a reaffirmation agreement with Citizens regarding the 2006 Dakota, the same collateral that was the subject of Citizens' stay relief motion.  Given that scenario, the motion could be rendered moot, but in the absence of Citizens failure to appear and make that argument, it is denied for Citizens' failure to prosecute.  *Cf.* Fed. R. Civ. P. 41(b).

## REAFFIRMATION AGREEMENT

The Reaffirmation Agreement is presumed to be an undue hardship because the Debtor's monthly expenditures, as reported on his Schedule J, exceed his monthly income ,as reported on his Schedule I, thereby leaving no money to make the required payments on the proposed reaffirmed debt.  (*See* Reaffirmation Agreement (doc. #40) at 1, 7.)  However, in Part D of the Reaffirmation Agreement, the Debtor stated that he can afford to make the subject car payments because his "post-discharge income will exceed [his] post-discharge expenses."  (*Id.* at 7, ¶1.)  No further explanation was provided.

At the January 27, 2009, hearing on the Reaffirmation Agreement, the Debtor appeared with counsel, but did not testify.  The court noted the presumed undue hardship and the fact that the Debtor is current on his car loan payments; it therefore queried whether the proposed reaffirmation of the debt obligation to Citizens was in the best interest of the Debtor.  Counsel requested time to research that issue in the context of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

At the continued hearing, Debtors' counsel provided the court with his research on the issue, articulating his belief that, in light of the passage of BAPCPA, this is an issue of first impression in this district.  Counsel requested that to the extend the court determines a reaffirmation agreement is not needed for the Debtor to retain the 2006 Dakota – assuming the Debtor remains currents on his car loan payments to Citizens – that the motion to approve the Reaffirmation Agreement be denied.  Thus, the issue presented is whether a chapter 7 debtor, who is current on his car loan payments and who has complied with his statutorily mandated duties, can retain the collateral that secures Citizens' loan even if the bankruptcy court does not approve the reaffirmation agreement.

## DISCUSSION

Where a reaffirmation agreement is presumed to be an undue hardship, the "presumption *shall* be reviewed by the court."  § 524(m)(1) (emphasis added).  Here, the court finds that the debtor's written explanation is inconclusive.  Therefore, it will conduct an evidentiary hearing to determine whether approval of the reaffirmation

agreement will be an undue burden on the debtor. *See, e.g.*, *In re Chim*, 381 B.R. 191, 198 (Bankr. D. Md. 2008) (finding debtor's obligation to fulfill statutory duties independent from court' s determination whether to approve reaffirmation agreement); *In re Blakeley*, 363 B.R. 225, 231 (Bankr. D. Utah 2007) ("Given the Debtor's precarious financial condition, the risk of defaulting under a reaffirmed contract is real, and the consequence of such a default would impose a hardship upon the Debtor or Debtor's dependants."); *cf. In re Jones*, 397 B.R. 775, 788 (S.D.W.V. 2008) ("The debtor's compliance is essential to the possibility of carving out a continued existence of the 'ride through' option as a so-called 'backdoor ride-through'.").

## CONCLUSION

Accordingly, IT IS ORDERED that Citizens' motion for relief from stay is DENIED; and

IT IS FURTHER ORDERED that an evidentiary hearing to approve the Reaffirmation Agreement is scheduled for Tuesday, July 21, 2009 at 11:00 a.m. at the U. S. Bankruptcy Court, 915 Lafayette Boulevard, Room 123, Bridgeport, Connecticut.

Dated this 23rd day of June 2009 at Bridgeport, Connecticut.

Alan H. W. Shiff
United States Bankruptcy Judge